# Judge Hellerstein



OFFICE COPY

'08 CIV 5303

RECEIVED
JUN 10 2008
U.S.D.C. S.D. N.Y.
CASHIERS

PROSKAUER ROSE LLP
Russell L. Hirschhorn
Kevin J. Pflug
1585 Broadway
New York, New York 10036-8299
P: 212.969.3286
F: 212.969.2900
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE UFCW LOCAL 174 PENSION FUND, | Civil Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| PLAUT & STERN, INC., | **ECF CASE** |
| Defendant. | |

Plaintiff, Board of Trustees of the UFCW Local 174 Pension Fund (the "Trustees"), by and through its attorneys, Proskauer Rose LLP, states by way of complaint against Defendant, Plaut & Stern, Inc. ("Plaut & Stern"), as follows:

1.    This is an action seeking relief pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including but not limited to Sections 4201 through 4301, 29 U.S.C. §§ 1381 through 1451.

## THE PARTIES

2.    The Trustees of the UFCW Local 174 Pension Fund (the "Fund") established the UFCW Local 174 Pension Plan (the "Plan"), which at all relevant times was, and is, a multiemployer defined benefit pension plan, as defined by ERISA § 3(37)(A), 29 U.S.C.

§ 1002(37)(A). The Fund maintains offices at 900 South Avenue, Second Floor, Suite 64, Staten Island, New York 10314.

3.    At all relevant times Plaut & Stern was a New York corporation with offices at Hunts Point Coop Market, Bldg. D-9, Bronx, New York 10474 and engaged in the wholesale meat packing business.

## JURISDICTION & VENUE

4.    This Court has jurisdiction to hear this action pursuant to ERISA § 4301(c), 29 U.S.C. § 1451(c).

5.    Venue is proper in this district pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d).

## FACTUAL ALLEGATIONS

6.    Pursuant to a collective bargaining agreement between Plaut & Stern and UFCW Local 174, the labor organization that for collective bargaining purposes represented the employees of Plaut & Stern, Plaut & Stern had a duty to contribute to the Fund in accordance with the terms of the collective bargaining agreement and the Amended and Restated Agreement and Declaration of Trust (the "Trust Agreement") governing the Fund.

7.    Plaut & Stern made contributions to the Fund until August 2004, at which time it completely withdrew from the Fund. This complete withdrawal triggered the imposition of withdrawal liability on Plaut & Stern pursuant to ERISA § 4203, 29 U.S.C. § 1383.

8.    Effective June 2007, the Trustee's declared a mass withdrawal pursuant to ERISA § 4041A(a)(2), 29 U.S.C. § 1341A(a)(2). This mass withdrawal triggered the imposition of additional withdrawal liability on Plaut & Stern. 29 C.F.R. §§ 4219.12(g) and 4219.16(b)

provide that an employer that withdraws during the three consecutive plan years within which a mass withdrawal is declared is presumed to have withdrawn pursuant to an agreement or arrangement to withdraw and is liable for redetermination liability upon the mass withdrawal.

9.     By letter dated August 10, 2007 (the "Demand Letter"), the Fund notified Plaut & Stern that it had effected a complete withdrawal from the Fund and, therefore, was subject to the payment of withdrawal liability pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1), and the terms of the Plan and the Trust Agreement.  Annexed here to as Exhibit A is a true and correct copy of the Demand Letter and the certified mail return receipt.

10.     As explained in the Demand Letter, the payment schedule provided for a single payment of $222,815.00, or 27 equal quarterly payments of $9,982.00, plus a final installment payment of $2,508.00.  In accordance with ERISA § 4219, 29 U.S.C. § 1399(c)(2), the payments were to commence no later than 60 days after the date of the Demand Letter, *i.e.*, no later than October 11, 2007.

11.     In connection with the mass withdrawal, the Fund notified Plaut & Stern, by letter dated December 20, 2007 (the "Redetermination Letter"), that it had calculated Plaut & Stern's redetermination liability pursuant to 29 C.F.R. § 4219.11(b)(2).  Although the redetermination liability did not change the quarterly installment payment owed by Plaut & Stern, the period over which Plaut & Stern must make its quarterly installment payments on its withdrawal liability became infinite.  Annexed hereto as Exhibit B is a true and correct copy of the Redetermination Letter and the certified mail return receipt.

12.     The Redetermination Letter also states that Plaut & Stern will receive a notice and a demand for reallocation liability, the final component of withdrawal liability, on a date to be

3

determined under 29 C.F.R. § 4218.16(c), but not later than July 30, 2009.

13.    By letter dated February 18, 2008 (the "Default Letter"), the Fund notified Plaut & Stern that, *inter alia*, the Fund had not received payment as described in the Demand Letter. Annexed here to as Exhibit C is a true and correct copy of the Default Letter and the UPS Tracking Summary indicating that the letter was delivered.

14.    Notwithstanding the Default Letter, the Demand Letter, the terms of the Plan, the Trust Agreement and ERISA, Plaut & Stern refuses to make payments to the Fund as described in these letters.

15.    Plaut & Stern is in default as a result of not having paid its withdrawal liability to the Fund within 60 days of the date that it received the Default Letter.  Pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), Plaut & Stern is required to immediately pay the total outstanding amount of its withdrawal liability, plus accrued interest on the total outstanding liability from October 11, 2007, the due date of the first payment that was not timely made.

16.    By letter dated May 7, 2008 (the "Acceleration Letter"), the Fund informed Plaut & Stern that it was in default of its withdrawal liability and demanded immediate payment of $222,815.00 plus accrued interest of $16,711.12.  Annexed here to as Exhibit D is a true and correct copy of the Acceleration Letter and the certified mail return receipt.

17.    Plaut & Stern has refused to make the payment to the Fund as described in the Acceleration Letter.

18.    By the acts and omissions set forth above, Plaut & Stern violated ERISA and the terms of the Plan and Trust Agreement.  As a result of Plaut & Stern's acts and omissions, the Fund has been damaged and has been deprived of money due and owing to the Fund.

4

**WHEREFORE,** the Trustees of the UFCW Local 174 Pension Fund demand that judgment be entered in its favor and against Plaut & Stern and that it be awarded $239,526.12, plus accrued interest from May 7, 2008, attorneys' fees, costs of suit, and such other legal and equitable relief as the Court may deem just and appropriate, including, without limitation, payment of Plaut & Stern's reallocation liability.

Dated:  June 10, 2008

                              Respectfully submitted,

                              PROSKAUER ROSE LLP

                              By: _____
                                  Russell L. Hirschhorn
                                  Kevin J. Pflug
                              1585 Broadway
                              New York, New York 10036-8299
                              P: 212.969.3286
                              F: 212.969.2900
                              rhirschhorn@proskauer.com
                              kpflug@proskauer.com
                              *Attorneys for Plaintiff*

5

# EXHIBIT

A





540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

August 10, 2007

**By Certified Mail/ Return Receipt Requested**

Plaut & Stern, Inc.
Hunts Point Coop Market
Building D-9
Bronx, NY 10474

Re:    **Notice and Demand for Payment of Withdrawal Liability**
       **UFCW Local 174 Pension Fund**

Dear Employer:

According to our records, Plaut & Stern, Inc. (the "Company") ceased to have an obligation to contribute to the UFCW Local 174 Pension Fund (the "Fund") as of August 30, 2004. As a result, the Company has effected a complete withdrawal from the Fund, within the meaning of Section 4203(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Consequently, the Company is subject to the payment of withdrawal liability to the Fund and, in accordance with the requirements of Section 4202 of ERISA, the Board of Trustees of the Fund hereby makes demand for payment of withdrawal liability, as described below.

In accordance with the Fund's method of computing withdrawal liability, we have computed the Company's withdrawal liability to the Fund to be $222,815.00. Under Sections 4219(c)(1)(C) and (c)(3) of ERISA, the Company is required to pay the full value of its withdrawal liability in 28 quarterly installment payments, each in the amount of $9,982.00 (except for the final installment payment, which shall be in the amount of $2,508.00). Please find enclosed a payment schedule setting forth the Company's required withdrawal liability payments. Pursuant to Section 4219(c)(4) of ERISA, the Company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty.

In accordance with Section 4219(c)(2) of ERISA, payment of withdrawal liability to the Fund is required to commence no later than 60 days after the date of this Notice, "notwithstanding any request for review or appeal of determinations of the amount of such liability." Thus, the Company's initial quarterly withdrawal liability payment is due on or before **October 11, 2007**. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for

example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment becomes necessary, the Fund will submit an amended withdrawal liability statement to the Company.

Failure to commence payment of withdrawal liability or to make timely subsequent payments, as required under ERISA, will constitute "default" within the meaning of Section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by the Company, plus accrued interest. The Fund will assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Under Section 4219(b)(2)(A) of ERISA, the Company has the right, within 90 days after the receipt of this Notice, to:

    (1)    Request the Trustees to review any specific matter relating to the determination of the Company's withdrawal liability and the schedule of payments described herein;

    (2)    Identify any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the Company; and

    (3)    Furnish any additional relevant information to the Trustees.

Pursuant to Section 4221 of ERISA, any dispute arising out of the Fund's determination and review must be resolved through arbitration. Either party may initiate the arbitration proceeding herein within a 60 day period after the earlier of:

    (a)    the date of the Fund's notification to the Company under Section 4219(b)(2)(B) of ERISA, or

    (b)    120 days after the date of the Company's request under Section 4219(b)(2)(A) of ERISA.

***Under Section 4219(c)(2) of ERISA, the Company must commence payments demanded herein in accordance with the terms and schedule set forth above, notwithstanding any request for review or appeal of determinations.***

Pursuant to Section 4219(a) of ERISA, it is hereby requested that the Company advise the undersigned, within 30 days of the date of this Notice, whether the Company is or was a member of a trade or business "under common control" within the meaning of Sections 414 and 1563 of the Internal Revenue Code of 1986, as amended (i.e., a "controlled group"). If the Company is or was a member of a controlled group, it is hereby requested that the Company furnish the undersigned with the corporate (or business) names and addresses of each organization within the controlled group. Please also note whether any of these organizations contributed to the Fund at any time.

2

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _____
    Donald Proniewych
    Fund Administrator

Enclosures

cc: Amy Covert, Esq.

3

# UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY

| EMPLOYER: | Plaut & Stern Inc. |
|---|---|
| **Withdraw During Plan Year Beginning July 1:** | **2004** |

1. Plan's estimated unfunded value of vested benefits
   as of June 30, 2004

   $     50,321,827

2. Total of all employer contributions to the Plan
   for Plan Years 1999 - 2003 (exclusive of
   contributions of employers who withdrew prior to
   the Plan Year beginning July 1, 2004)

   $     11,219,535

3. Unfunded value of vested benefits as of
   June 30, 2004 per dollar of employer
   contributions during Plan Years 1999 - 2003 = (1) / (2)

   4.48520

4. Plaut & Stern Inc. contributions
   for Plan Years 1999 - 2003

   $     49,678

5. Plaut & Stern Inc. allocable share of
   the unfunded value of vested benefits
   as of June 30, 2004 = (3) x (4)

   $     222,815

6. De minimis threshold: smaller of 3/4% of (1)
   (.0075 x $50,321,827 = $377,414) and $50,000

   $     50,000

7. Employer withdrawal liability amount after
   de minimis adjustment:

   a. if (5) is less than (6)

   N/A
   $0

   b. if (5) is equal to or more
      than (6), but less than $100,00

   N/A
   Amount in (5) less
   amount in (6)

   c. if (5) is between $100,000 and
      the sum of $100,000 and the
      amount in (6)

   N/A
   Double amount in
   (5) less the sum of
   (6) and $100,000

   d. if (5) is more than the sum of
      $100,000 and the amount in (6)

   $     222,815
   Amount in (5)

# UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY

**EMPLOYER:**

**Plaut & Stern Inc.**

### Payment Schedule

| | | | |
|---|---|---|---|
| 1 | **High Contribution Rate (Per Member Per Month Basis)**<br>ERISA Section 4219(c)(1)(C)(i)(II) | $ | 200.00 |

2    **Highest average consecutive three year Contribution Base Units**

| Plan Year Beginning July 1 | Months of Contributions | Average for prior 3 Years |
|---|---|---|
| 1995 | 119 | |
| 1996 | 229 | |
| 1997 | 203 | 184 |
| 1998 | 151 | 194 |
| 1999 | 120 | 158 |
| 2000 | 78 | 116 |
| 2001 | 30 | 76 |
| 2002 | 15 | 41 |
| 2003 | 8 | 18 |
| 2004 | - | 8 |

Highest 3 years Average          194.33

ERISA Section 4219(c)(1)(C)(i)(I)

| | | | |
|---|---|---|---|
| 3 | **Amount of each annual payment: = (1) x (2)** | $ | 38,867.00 |

4    Payment Schedule:

| | Year Beginning | Balance at Beginning of Year | Payment Due | Remaining Balance | 7.50% Interest | Balance at End of Year |
|---|---|---|---|---|---|---|
| 1 | 12/1/2006 | $222,815 | $38,867 | $183,948 | $13,796 | $197,744 |
| 2 | 12/1/2007 | $197,744 | $38,867 | $158,877 | $11,916 | $170,793 |
| 3 | 12/1/2008 | $170,793 | $38,867 | $131,926 | $9,894 | $141,820 |
| 4 | 12/1/2009 | $141,820 | $38,867 | $102,953 | $7,721 | $110,674 |
| 5 | 12/1/2010 | $110,674 | $38,867 | $71,807 | $5,386 | $77,193 |
| 6 | 12/1/2011 | $77,193 | $38,867 | $38,326 | $2,874 | $41,200 |
| 7 | 12/1/2012 | $41,200 | $38,867 | $2,333 | $175 | $2,508 |
| 8 | 12/1/2013 | $2,508 | $2,508 | $0 | $0 | $0 |

5    **Quarterly Payments**

| Quarterly Payments | $9,982 | for 28 quarters plus |
|---|---|---|
| a final payment of | $2,508 | |

1/4/2007 10:47 AM

Plaut & Stern 2004 with 2.xls Amort.Sch

**CERTIFIED MAIL**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

| A. Signature | |
|---|---|
| X _(signature)_ | ☐ Agent ☐ Addressee |

| B. Received by ( Printed Name) | C. Date of Delivery |
|---|---|
| | 8/13 |

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

   Plant & Stein
   Inc
   Hunts Pt Coop Mkt
   Bldg 09
   Bronx NY 10474

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     7007 0220 0001 3358 2002

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To   Plant & Stein
Street, Apt. No.;   90 Hunts Pt Coop Bldg 09
or PO Box No.
City, State, ZIP+4   Bronx NY 10474

7007 0220 0001 3358 2002

PS Form 3800, August 2006          See Reverse for Instructions

# EXHIBIT

# B



## UFCW Local 342 Fund Office

900 South Avenue 2ⁿᵈ Floor Suite 64 Staten Island New York 10314 Ph. 718-982-0342 Fax 718-982-0346

December 20, 2007

**By Certified Mail/ Return Receipt Requested**

Plaut & Stern, Inc.
Hunts Point Coop Market
Bldg. D-9
Bronx, NY 10474

Re:    Notice and Demand for Payment of Redetermination Liability
       UFCW Local 174 Pension Fund

Dear Employer:

You were previously notified that the UFCW Local 174 Pension Fund (the "Fund") experienced a mass withdrawal termination as of June 30, 2007. As explained in that notification, all contributing employers ceased to have an obligation to make contributions to the Fund upon the mass withdrawal termination. Consequently, your company is subject to the payment of mass withdrawal liability to the Fund under section 4219(c)(1)(D) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). There are three components of mass withdrawal liability—1) initial withdrawal liability; 2) redetermination liability; and 3) reallocation liability. These components are calculated by the Fund and its actuary as provided under ERISA.

The Fund previously sent your company a notice and demand for your company's initial withdrawal liability in accordance with 29 CFR 4041A.23. Together with its actuary, the Fund has now calculated your company's redetermination liability under 29 CFR 4219.11(b)(2). In accordance with 29 CFR 4219.16(b), the Fund is hereby issuing a notice and demand for your company's payment of redetermination liability.

Redetermination liability is comprised of two elements under 29 CFR 4219.2: 1) the employer's liability for *de minimis* amounts; and 2) the employer's liability for 20-year-limitation amounts. The Fund has determined that your company is not liable for *de minimis* amounts. In addition, with the removal of the 20-year cap provided on initial withdrawal liability, the period over which your company must make its quarterly installment payments on its withdrawal liability is now **infinite**. Enclosed is an information sheet showing the elements of your company's redetermination liability, along with a payment schedule setting forth your company's required payments.

7180/74616-003 Current/10409402v3

**Please note that payments should be made <u>quarterly</u>, on the due dates indicated in the notice of initial withdrawal liability previously sent to your company.** Pursuant to Section 4219(c)(4) of ERISA, your company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment becomes necessary, the Fund will submit an amended withdrawal liability statement to your Company.

Failure to make timely payments, as required under ERISA, will constitute a "default" within the meaning of section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by your company, plus accrued interest. The Fund will assess such default penalties on the entire amount of your company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Please note that your Company will receive a notice and demand for reallocation liability, the final component of withdrawal liability, on a date to be determined under 29 CFR 4219.16(c), but no later than July 30, 2009.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By:

Brandi Lauletti
Fund Administrator

Enclosures

cc: Neal Schelberg, Esq.

2

7180/74616-003 Current/10409402v3

# UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY AS OF JUNE 30, 2006

### PLAUT & STERN INC

|  |  | Withdrawal Liability | Redetermination Liability |
|---|---|---|---|
| 1. | Plan's unfunded value of vested benefits as of June 30, 2006 | $  50,321,827 | $  50,321,827 |
| 2. | Total of all employer contributions to the Plan for Plan Years 2001 - 2005 (exclusive of contributions of employers who withdrew prior to the Plan Year beginning July 1, 2006) | $  11,219,535 | $  11,219,535 |
| 3. | Unfunded value of vested benefits as of June 30, 2006 per dollar of employer contributions during Plan Years 2001 - 2005 = (1) / (2) | 4.48520 | 4.48520 |
| 4. | Plaut & Stern Inc contributions for Plan Years 2001 - 2005 | $  49,678 | $  49,678 |
| 5. | Plaut & Stern Inc allocable share of the unfunded value of vested benefits as of June 30, 2006 = (3) x (4) | $  222,815 | $  222,815 |
| 6. | De minimis adjustment to withdrawal liability | $  - | |
| 7. | Employer withdrawal liability amount after de minimis adjustment = (5) - (6), not less than zero | $  222,815 | $  222,815 |
| 8. | Highest contribution rate (per member per month) for Plaut & Stern Inc | $  200.00 | $  200.00 |
| 9. | Highest average consecutive three-year Contribution Base Units for Plaut & Stern Inc | 194.33 | 194.33 |
| 10. | Amount of annual withdrawal payment = (8) x (9) | $  38,867 | $  38,867 |
| 11. | Amount of withdrawal payment if paid quarterly | $  9,717 | $  9,717 |
| 12. | Payment period | 7.00 | 7.00 |
| 13. | Cost of annual withdrawal payment (10) amortized over the payment period (12) | $  221,303 | $  221,303 |
| 14. | Incremental cost | | $  - |

12/21/2007 1:30 PM

...local 174 retail\withdrawal liability\Plaut & Stern - redetermination display.xls

# UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY AS OF JUNE 30, 2006

PLAUT & STERN INC

**Redetermination Liability Payment Schedule**

| | Year Beginning | Balance at Beginning of Year | Payment Due | Remaining Balance | 7.50% Interest | Balance at End of Year |
|---|---|---|---|---|---|---|
| 1 | 2007 | $222,815 | $38,867 | $183,948 | $13,796 | $197,744 |
| 2 | 2008 | $197,744 | $38,867 | $158,877 | $11,916 | $170,793 |
| 3 | 2009 | $170,793 | $38,867 | $131,926 | $9,894 | $141,820 |
| 4 | 2010 | $141,820 | $38,867 | $102,953 | $7,721 | $110,674 |
| 5 | 2011 | $110,674 | $38,867 | $71,807 | $5,386 | $77,193 |
| 6 | 2012 | $77,193 | $38,867 | $38,326 | $2,874 | $41,200 |
| 7 | 2013 | $41,200 | $38,867 | $2,333 | $175 | $2,508 |
| 8 | 2014 | $2,508 | $2,508 | $0 | $0 | $0 |

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Plaut & Stern, Inc.
Hunts Point Coop Market
Bldg. D-9
Bronx, NY 10474

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
12/27

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article
   (Tra

PS Fc

I02595-02-M-1540



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total | |

12/20/07

Plaut & Stern, Inc.
Hunts Point Coop Market
Bldg. D-9
Bronx, NY 10474

7006 2760 0003 0037 9076

PS Form 3800, August 2006            See Reverse for Instructions

# EXHIBIT

C



## UFCW Local 342 Fund Office

**900 South Avenue, Suite 64, Staten Island, New York 10314.Tel. 718-982-0342-Fax 718-982-0346**

February 18, 2008

**By Certified Mail/ Return Receipt Requested**

**Plaut & Stern, Inc.**
**Hunts Point Coop. Market**
**Bldg. D-9**
**Bronx, New York 10474**

Re:    Notice of Failure to Make Payments on Withdrawal Liability
       UFCW Local 174 Pension Fund

Dear Employer:

By letter dated August 10, 2007 UFCW Local 174 Pension Fund (the "Fund") notified Plaut & Stern, Inc. (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (the "Demand Letter"). Specifically, the Demand Letter stated that the Company's payment of withdrawal liability to the Fund was required to commence no later than 60 days after the date of such letter, notwithstanding any request for review or appeal of the determinations of the amount of the withdrawal liability or the schedule of payments. The Demand Letter assessed withdrawal liability on the Company in the amount of $222,815.00 payable in twenty-eight (28) quarterly installment payments, each in the amount of $9,982.00 (except for the final installment payment, which shall be in the amount of $2,508.00). The initial payment was due on or before October 11, 2007.

By letter dated December 20, 2007, the Fund notified the Company of the redetermination portion of the Company's withdrawal liability under 29 CFR §4219.11(b)(2) (the "Redetermination Letter"). The Redetermination Letter notified the Company of its liability for *de minimis* amounts and 20-year-limitation amounts under ERISA, and set out a revised withdrawal liability payment schedule. The Redetermination Letter informed the Company that it should continue to make its payments quarterly on the payment dates indicated in the Demand Letter.

According to our records, the Company has not made any payment to the Fund as required under the Fund's Demand Letter and Redetermination Letter. As of the date of this letter, the Company's outstanding amount due is $19,964.00. Please be advised that if the Company's

failure is not cured within 60 days of receipt of this notice, the Company will be deemed in default of its withdrawal liability as provided by Section 4219(c)(5) of ERISA. The Fund will then be entitled to require immediate payment of the outstanding amount of the Company's withdrawal liability, plus accrued interest. The Fund may assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Payment should be made to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the above address.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _____
Brandi Lauletti
Fund Administrator


cc:    Neal Schelberg, Esq.

2

**UPS**

**Next Day Air® Early A.M.®**

**Shipping Document**

See instructions on back. Visit UPS.com® or call 1-800-PICK-UPS® (800-742-5877) for additional information and UPS Tariff/Terms and Conditions.

**TRACKING NUMBER** 1Z 5FW 452 21 1000 0158

**1 SHIPMENT FROM**

SHIPPER'S UPS ACCOUNT NO. **5 F W 4 5 2**

REFERENCE NUMBER
Local 174 Pension Fund

NAME
Danielle Montauto          TELEPHONE 718-982-0342

COMPANY
**UFCW LOCAL 342 AFFILIATED FUNDS**

STREET ADDRESS
**900 SOUTH AVENUE, SUITE 64, 2ND FL**

CITY AND STATE
**STATEN ISLAND**          ZIP CODE **NY 10314-3425**

**2 EXTREMELY URGENT DELIVERY TO**

NAME
Employer          TELEPHONE

COMPANY
Plaut & Stern, Inc.

STREET ADDRESS
Hunts Point Coop Mkt. Blg D-9          DEPT./FLR.

CITY AND STATE
Bronx, NY 10474          ZIP CODE

**3 WEIGHT** — WEIGHT Enter "LTR" if Letter | DIMENSIONAL WEIGHT If Applicable | LARGE PACKAGE | **4 SHIPPER RELEASE** 1+

**5 NEXT DAY AIR EARLY A.M. CHARGE** — CHARGES $

**6 OPTIONAL SERVICES**

- SATURDAY PICKUP See Instructions. $
- SATURDAY DELIVERY See Instructions. $
- DECLARED VALUE FOR CARRIAGE Contents are automatically protected up to $100. For declared value over $100, see Instructions. AMOUNT $
- C.O.D. If C.O.D., enter amount to be collected and attach completed UPS C.O.D. tag to package. AMOUNT $
- VERBAL CONFIRMATION OF DELIVERY See Instructions. $

**7 ADDITIONAL HANDLING CHARGE** An Additional Handling Charge applies for certain items. See Instructions. $

**TOTAL CHARGES** $

**8 METHOD OF PAYMENT** — BILL SHIPPER'S ACCOUNT NUMBER (in Section 1) | BILL RECEIVER | BILL THIRD PARTY (Record Account No. in Section 9) | CREDIT CARD | American Express Diner's Club MasterCard Visa | CHECK

**9** RECEIVER'S/THIRD PARTY'S UPS ACCT. NO. OR MAJOR CREDIT CARD NO.          EXPIRATION DATE

THIRD PARTY'S COMPANY NAME

STREET ADDRESS

CITY AND STATE          ZIP CODE

All shipments are subject to the terms contained in the UPS Tariff/Terms and Conditions of Service available at UPS.com and local UPS office.

**10 SHIPPER'S SIGNATURE** X          DATE OF SHIPMENT 2/18/0

0201911262609  1/07  S

UPS COPY

This form not needed with UPS Internet Shipping at UPS.com

UPS: Tracking Information

Page 1 of 1

☒Close Window



## Tracking Summary

**Tracking Numbers**

| | |
|---|---|
| **Tracking Number:** | 1Z 5FW 452 21 1000 015 8 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered On: | 02/19/2008<br>8:25 A.M. |
| Delivered To: | BRONX, NY, US |
| Signed By: | BOMBINO |
| Service: | NEXT DAY AIR EARLY AM |

Tracking results provided by UPS: 06/08/2008 5:43 P.M. ET

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tendered by or for you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems and information is strictly prohibited.

☒Close Window

Copyright © 1994-2008 United Parcel Service of America, Inc. All rights reserved.

# EXHIBIT

# D



900 South Avenue, Suite 64, Staten Island, New York 10314.Tel. 718-982-0342-Fax 718-982-0346

May 7, 2008

**By Certified Mail/ Return Receipt Requested**

**Plaut & Stern, Inc.**
**Hunts Point Coop Market**
**Bldg. D-9**
**Bronx, New York 10474**

Re:    Default on Withdrawal Liability
        UFCW Local 174 Pension Fund

Dear Employer:

By letter dated **August 10, 2007**, UFCW Local 174 Pension Fund (the "Fund") notified **Plaut & Stern, Inc.** (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). At that time, the Company was provided with a demand for payment and payment schedule. By follow-up letter dated **February 18, 2008**, the Fund notified the Company of its failure to make payment and demanded that the Company cure the failure by making payment in accordance with the withdrawal liability payment schedule.

According to our records, the Company has not yet made payment as required. As a result, and in accordance with Section 4219(c)(5) of ERISA, the Company is now in default of its withdrawal liability. The Board of Trustees hereby requires immediate payment of the outstanding amount of the Company's withdrawal liability, **$222,815.00**, plus accrued interest of **$16,711.12**, as shown in the enclosed schedule. To avoid legal action, please send a single payment of **$239,526.12** made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By
Brandi Lauletti
Fund Administrator

cc:    Neal Schelberg, Esq.
Enclosure

**UFCW 174 Pension Fund**
**Accrued Interest for**
Plaut & Stern, Inc.

| | |
|---|---|
| Date of demand letter | August 10, 2007 |
| Annual interest rate | 7.50% |
| First payment due (60 days from demand letter) | October 11, 2007 |
| Withdrawal liability amount | $222,815.00 |
| Accrued interest to 5/7/2008 | <u>$16,711.12</u> |
| **Total payment due** | $239,526.12 |



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Plaut & Stern, Inc.
Hunts Point Coop Market
Bldg. D-9
Bronx, New York 10474

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

POINT STATION BRONX 10474
MAY 14 2008

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7007 0710 0000 9148 2640

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage | $
Certified Fee
                                    5/9/08
Return Receipt Fee                          Postmark
(Endorsement Required)                      Here
Restricted Delivery Fee
(Endorsement Required)

7007 0710 0000 9148 2640

Plaut & Stern, Inc.
Hunts Point Coop Market
Bldg. D-9
Bronx, New York 10474

PS Form 3800, August 2006        See Reverse for Instructions